And, Counsel, you may begin when you're ready. Good morning, Your Honors. May it please the Court, Samuel Brenner, on behalf of Eva Gonzalez Romo, I'd like to reserve three minutes for rebuttal, please. Before I begin, I'd like to thank the Ninth Circuit's Pro Bono Program for enabling Ms. Gonzalez Romo to find representation through me and my colleagues at Ropes and Gray. Your Honors, the critical question before the panel is whether a particular subsection of Section 212A2 of the INA reaches the offense under Arizona law to which Ms. Gonzalez Romo pled guilty, solicitation to possess marijuana for sale. The answer here is a very straightforward no, and is dictated by this Court's two decades of precedent, in particular Coronado-Dorazzo and Leyva-La Silla. The statute at issue here covers crimes involving moral turpitude or an attempt or conspiracy to commit such a crime. In other words, it lists attempt and conspiracy, but it doesn't list solicitation, the other classic in co-ed crime. In Coronado-Dorazzo in 1997, this Court dealt with a similarly structured statute and found solicitation was not covered there. The Court found that the structure of the statute there was clear and found that the plain language excluded solicitation. The Court said, simply put, solicitation is not on the list. Describing and applying that holding, this Court in Leyva-La Silla two years later said that Coronado-Dorazzo held as follows, quote, where a statute listed some generic offenses but omitted others, the statute covered only the generic offenses expressly listed. What do you make of Barragán-López? That seems to be the only sort of change of direction that might affect our analysis here. I think that Barragán-López, like some other cases before the Court or that the Ninth Circuit has decided, exists in perfect harmony with Coronado-Dorazzo in Leyva-La Silla. Barragán-López expressly states that it's deciding what constitutes a crime involving moral turpitude for the purposes of a particular statute, and that's at the end of the case, and that's not the statute at issue here. More importantly, in Barragán-López, as we've discussed in our briefing, the Court distinguished Coronado-Dorazzo in Leyva-La Silla on exactly the issue that's presented here. In Barragán-López, the statute did not list some generic or inchoate crimes and omit others, and that's what the Court said in Barragán-López. And here, and in Coronado-Dorazzo and Leyva-La Silla, the statutes do. And so we think Barragán-López certainly doesn't indicate a change of direction with respect to the longstanding rule that has been approved of repeatedly by this Court, including the Court sitting on Banque, from Coronado-Dorazzo and Leyva-La Silla. So, counsel, I'm just looking at 212, the operative language here. It talks about a crime involving moral turpitude, other than a purely political offense, and then it says, or an attempt to conspire to commit such a crime. You can think of some pretty horrible crimes, solicitation to rape a child, solicitation to commit genocide or commit murder. Your argument is that those would not qualify. Your Honor, our argument is that those offenses do not, are not reached by the statute. That's correct, because of the way the statute is structured. And so how, and again, it's unfortunate in my view that Congress uses the term moral turpitude because that can mean anything, and then our Court has said a lot about that problem. But that's the standard we got. We'll go forward with that. How is a, you know, something like solicitation to rape and murder a child, how is that not a crime involving moral turpitude? Just stop the sentence there. Before you even get to attempt or conspiracy, that alone, why wouldn't that be a crime involving moral turpitude? Well, Your Honor, I think what we need to ask is, what's a crime involving moral turpitude within the context of this statute? So in a general sense, would something that's horrific be a crime involving moral turpitude? It may well be, but that's not the question of how this statute should be interpreted. As I understood your discussion, the commission of that crime would, in fact, be a crime involving moral turpitude. If someone actually did rape a child or murder somebody, that is a crime involving moral turpitude. I certainly would agree with that. Or aiding and abetting or attempting or conspiring, all those would be covered. So the only narrow question is, what about solicitation? And, Your Honor, as I said before, yes, under our reading, solicitation is not covered by the statute. We think that's dictated by this Court's precedent, and we think that there is reason for solicitation to have been treated differently. I'd like to point out, under Arizona law, and we've cited the statutes for it, conspiracy is categorized and punished at the same level as the substantive underlying offense. Attempt gets a level reduction. So I think it's a solicited – if an attempted Class 2 felony is treated as a Class 3 felony. Solicitation gets another step down, so it's two steps down. And so an attempted – sorry, a solicited Class 2 felony is a Class 4 felony. So certainly at least some states, including the state that's relevant here, which is Arizona, treat solicitation as a lesser offense than attempt or conspiracy. But just – I mean, I have to say, when you pass the bar exam for California, which is where I was licensed once upon a time, there's a moral character examination. And if I had been convicted of soliciting murder, that would seem to go – that would be – go to my moral character, moral turpitude in some respect. Now, maybe I didn't – maybe I was caught before it actually went through. I was a sting operation, and I was stopped. But it would just seem odd to me that Congress would pass this law thinking that was different in terms of moral turpitude or moral character. Can you point to anything other than the Arizona laws, anything in the statute that Congress passed, to suggest why they would view that differently? So, Your Honor, I think there's nothing in – as both parties agree, as both sides agree, there's nothing in the legislative history that says anything about this. So this is a situation exactly like that in Coronado-Dorazzo, where there's nothing in the legislative history. And what the Court – what this Court said in Coronado-Dorazzo is we have to look and assume that Congress means what it says. And here they did not include solicitation. So I don't have a policy explanation for why solicitation was read out of this, was not included in the statute, but that's the plain language of – that the statute has. We cited in a 28-J letter the Sasse v. Iancu Supreme Court decision from last year, I believe. And there, what the majority of the Supreme Court said as well, is when the statutory language is clear, policy arguments are properly made to Congress and not the courts. And this is exactly that sort of situation, we believe, given this Court's, again, longstanding precedent from Coronado-Dorazzo and La Valencia. Your Honors, if there are – I'm happy to answer any of our other further questions, but if there are no others, I would reserve the floor. You're welcome to save the remaining time. Thank you, Your Honors. May it please the Court, Rebecca Hoffberg Phillips, on behalf of the United States Attorney General. I'd like to start by saying he says we need to comply with two decades of precedent. We need to comply with three decades of precedent. And that's because in McNaughton, this Court said that the methodology to use for evaluating a crime involving moral turpitude is to look at the underlying offense. In McNaughton, it was a conspiracy offense. Counsel, why isn't this exactly like Coronado-Dorazzo, where the statute says the crime involving moral turpitude, including conspiracy or attempt, but leaving out solicitation? So this is – so if you read Coronado, it says in order to – Wait, wait. I'm sorry. Isn't the statutory text essentially identical between this statute and the one we looked at in Coronado? That is, it included crimes involving moral turpitude, included attempts, included conspiracy, did not mention solicitation, correct? That part is correct. It's written slightly differently, but yes. But it's essentially the same. It's essentially the same to the extent that it expressly includes conspiracy and attempt and leaves out solicitation. That silence should not be considered to be at all plain language that Congress meant to exclude solicitation. Well, what about the old-fashioned – I'll say it wrong, but inclusio unius est exclusio alterius. They included two lesser included generic offenses and left out the third. Yes. Don't we have to – I mean, the principle in Coronado was we have to give effect to that, correct? A few things there, Your Honor. The expressio unius doctrine, which I also have trouble saying it in full, is actually quite faulty. And numerous cases time and again have found that Congress doesn't spend as much time as we'd like to think thinking about what words they include and what they don't. As I mentioned in my brief, even where solicitation is included in the U visa, when they discussed it, they only referred to attempt and conspiracy. But, Counsel, all that says is you think that Coronado was wrongly decided, but we're bound by it as a three-judge panel, aren't we? Your Honor, the government recognizes that you cannot overturn Coronado, and we're not asking you to. I want to say that this can be decided completely consistently with Coronado. How? The Coronado court said in order to disregard plain meaning of a statute encompassing conspiracy and attempt, we would be required to conclude the result is absurd or would lead to internal inconsistency. That's exactly what we have here. But there's no different than the statute in Coronado. I mean, it would have been – I mean, there we explicitly said it's not absurd, Congress could have had a reason for it, and it's not up to us. I mean, my question to you really is similar to what I asked in the previous case. If we find the wording clear, what difference does it make if we disagree with the policy? Your Honor, the wording is not clear, but if you were to – I mean, the government's position is that it's not clear and that the – Even though we said in Coronado that it was. Well, no, what the court said in Coronado is that here what the government's contending is essentially that use of those terms is superfluous because they're already included in the crime-involving moral turpitude definition. So you can't give meaning, separate meaning to those words without first saying a crime-involving moral turpitude does not include incoit offenses. So basically the provision covers any crime except incoit offenses, except attempt and conspiracy. So that would be a very strange way for Congress to say we're excluding solicitation, especially because it expressly excluded purely political offenses. As Judge Owens pointed out, it's right there expressed in the text. If it wanted to exclude something, it knew exactly how to exclude something. Here, if you read the words, the way that this particular statute – Well, it includes only the things that it includes. It's not an exclusion. I mean, that's – you're looking at it as an exception, but the question is whether it's included to begin with because what this – there are crimes that are not crimes involving moral turpitude, right? I mean, there are some crimes that don't fit that definition at all. That are not crimes involving moral turpitude. Correct. So it includes whatever it includes, and it includes those, and it includes attempts, and it includes conspiracy. It excludes political crimes, but the question is whether there's coverage. This is like an insurance policy. What's the coverage? The coverage is crimes involving moral turpitude. The rest of it is superfluous, and the reason is because if you read that, there's never been a distinction, a meaningful distinction, as I was mentioning beginning in McNaughton in 1980. There's no meaningful distinction between an inquit offense and the underlying offense when it comes to evaluating a crime involving moral turpitude. So what you're asking us to do, in addition to chucking aside inclusio unios, is to chuck aside the principle that we don't make words surplusage that Congress has used. So we've got to chuck two principles, basic principles of statutory construction to get where you want to go. But that's exactly what Coronado said we should do. Coronado said we can disregard the plain meaning when it leads to absurd results or internal inconsistency. I'm quoting exactly from Coronado. That is exactly what the court said, and that is exactly what we have here. We have a couple absurdities and inconsistencies. Judge Owens was just beginning to point them out, and the government couldn't agree more. You have the most heinous crimes, rape, murder, terrorism, you name it, anything that's just solicit to commit that crime, as long as you add that magic word solicit, no matter how terrible and heinous the crime is, it's not a crime involving moral turpitude. And somehow this provision should be read separately than every other crime involving moral turpitude provision in the INA, which, by the way, appears in many spots. So, you know, there would be confusion as to how do we know whether something is a crime involving moral turpitude, because we're deviating from a categorical approach that this court has long endorsed that applies across the spectrum for offenses, that basically looking at the elements of an offense and deciding whether they meet a crime involving moral turpitude based on their elements, not on these superficial distinctions on whether something is a certain type of inquit offense. One of the biggest inconsistencies. Oh, whoa, whoa, what is superficial about it? Aren't the elements different under Arizona law for solicitation and other crimes, these other listed crimes? So it's not a made-up thing. It's a different crime, right? What inquit offense? Yes or no, it's a different crime, is it not? It's a different crime. And it has its own elements, correct? It has its own elements, but those elements only reinforce the nature of the crime involving moral turpitude because they always add the specific intent. So, in other words, you could have a crime that's actually not a crime involving moral turpitude and attempt to commit that crime because, let's say it's got a reckless mens rea, and that crime is a reckless mens rea, doesn't qualify as a crime involving moral turpitude because there was no evil purpose. An attempt to commit that same crime all of a sudden becomes a crime involving moral turpitude because now you had a specific intent. There was a case, I'm blanking, this was a Ninth Circuit case, I believe, that was along those lines, that the attempt to commit it as opposed to the underlying offense had to do with the mens rea. Well, that's not how this statute is written. Well, Your Honor, how this statute is written is basically talking about prohibiting crimes involving moral turpitude and then, you know, Or attempts to commit those crimes or conspiracies to commit those crimes, not conspiracies or attempts to commit something that isn't a crime of moral turpitude. That would not be covered by the words of this statute, would it? Well, Your Honor, Yes or no, would that be covered by the words of this statute? It would be covered to the extent that we apply the categorical approach. Whoa, whoa, whoa. Where do you get that? I'm looking at the words of the statute, and it starts with a crime involving moral turpitude, including, or an attempt or conspiracy to commit such a crime. So it still has to be a crime involving moral turpitude to start with under this statute, doesn't it? Okay, yes, Your Honor, I see what you're saying. So it has to be a crime involving moral turpitude. I guess what I was just trying to make note of is that an inquit offense really just adds a more specific intent to a crime so that it doesn't really change. In this particular context, I guess sort of distinguishing what I said before, it's about adding more specific intent, a higher mens rea to the situation. You can't accidentally do an inquit offense, essentially. And so basically when you can't accidentally do a crime involving moral turpitude either, correct? Right. Okay, so I don't understand where this adding something special comes in. What I'm saying is that there's no meaningful distinction by adding on or an attempt or conspiracy to commit the crime because those were already included within what a crime involving moral turpitude would be. Under any crime that is a crime involving moral turpitude, the attempt or conspiracy or solicitation or aiding and abetting or facilitation to commit that same crime is also a crime involving moral turpitude. That was really just my point is that it creates this inherent tension, that surplusage. It creates tension with the original words in the statute because under this court's longstanding methodology and the board's longstanding methodology to review an offense based on the underlying substantive offense, then it would put it directly into conflict with that to say that all of a sudden the inquit offense is what matters. And, Your Honor, I know you were on the Meliewicz case where you basically recognized that we can't just say categorically solicitation offenses are not included within that controlled substance provision because it's not about whether solicitation offenses are included. That's not the point of that statute. And likewise, it's not the point of this statute because crimes involving moral turpitude have never been distinguished based on whether there's a solicitation or not. And, in fact, solicitation can be some of the most. Well, never distinguished by whom is the question. I'm circling back because in Coronado we said it mattered to Congress. They included attempts. They included conspiracies. They left out solicitations. Maybe we wouldn't have done the same thing, but they had a reason to do it. And so I guess I don't understand the concept that to Congress they didn't have to bother adding that extra wording at the end. What's the evidence for that? Your Honor, solicitation. In terms of statutory construction, what's the evidence for that? So sometimes solicitation is considered a part of attempt. In the model penal code. It's not in Arizona, and we know that from Coronado also, correct? It interpreted Arizona law as well. Right. I mean in terms of how Congress might have been thinking when it created this crime involving moral turpitude provision in terms of whether we need to specify solicitation or not when we're sort of listing inquit offenses. There's a doctrine of thinking that solicitation is an attempt to conspire, essentially, because if the offense were completed, you would either be an accomplice or a conspirator. It's only because the crime was not completed that you weren't. And so there was an interrelationship between the term solicitation and, especially for attempt, that sometimes they're considered part of, you know, it depends on how far along in the process of a substantial step, all that. But anyway, you were saying, you know, why would Congress have chosen this? I mean, I truly think the whole problem with expressio unios is that I think you don't often consider all the possibilities before you make the choice. And Coronado, again, not asking to overturn Coronado, it says we disregard the plain meaning when it leads to absurdity or internal inconsistency. But they looked at this exact question and didn't find that kind of absurdity. They looked at the question whether, when you're looking at a crime involving moral turpitude, whether attempt and conspiracy are just excess verbiage or not, and said no. Is that what they looked at in that case? I thought it was controlled substance, not moral turpitude. Yes, Your Honor. I'm sorry. You're right. Yes, that is exactly, that is 100 percent my point. Whereas in Berrigan-Lopez, it was moral turpitude. Yes. And in Berrigan-Lopez, I want to point out that it was distinguished not only because it didn't have the language. Of course, there was nothing written there in terms of inquit offenses, so they weren't using that doctrine. And they said that's why we're distinguishing it. However, they also distinguished it because of the controlled substance part. If you read Berrigan-Lopez, there's two reasons for finding Coronado unpersuasive in that case. The first has to do with not expressly including any inquit offenses. So this expressio unios thing doesn't come into play. The second reason is that you're not using controlled substance analysis. And that is absolutely critical because, as I said, we're looking at over three decades of precedent here in the methodology used to evaluate crimes involving moral turpitude because it leads to the absurdity that Judge Owens pointed out. Because you essentially have a lawful permanent resident who is removable, but if they take a trip and they come back in the country, now they're not inadmissible. All they've got to do is take that trip somewhere. So why wouldn't the same thing be true about a controlled substance offense in terms of the logic of your position? In common parlance, a solicitation to purchase drugs or sell drugs would also be relating to a controlled substance. You're absolutely right that it's a different statute, and I misspoke. But why wouldn't the logic have been the same there, that in common parlance we would have considered it related to controlled substances, just as you would say it's all encompassed by crime of moral turpitude? Well, Your Honor, I can't speak for why the Court, you know, could. I mean, there may be good reasons for, first of all, the controlled substance statute itself, and this is in the aggravated felony context. And the reason why it was found that a solicitation cannot be an aggravated felony is because the Controlled Substance Act itself only has inquit crimes of attempt and conspiracy. I think it's under 846 or something. And so in the Leyva-Leitchia case that sort of piggybacked on the Coronado case is essentially different because it was dealing with the aggravated felony provision, but in that case it was noted that the Controlled Substance Act actually limits itself to attempt and conspiracy. And that may or may not have played any role in terms of thinking about what is the scope of, you know, how things relate to the Controlled Substance Act. But as you pointed out, you can have statutes that include solicitations as long as they're not a so-called generic solicitation, but in terms of the controlled substance relating to a controlled substance provision. However, the generic versus non-generic distinction means nothing in the crime-involving moral turpitude context. And that's because all that – in the Coronado decision – I see I'm running out of time. You finish answering, and then, yeah. I understand that the court called it a generic solicitation offense. What's odd about Coronado is that it didn't cite – it doesn't cite the underlying offense. And so it doesn't show that it truly understood that it had to be tied. As my opposing counsel points out, solicitation does depend on the underlying offense entirely. And so it may be that the fact that you have a generic solicitation in the CIMT context is still just going to the underlying offense. If the underlying offense is what matters in evaluating a CIMT, whether it's a so-called generic or whether it's some other version of an incoit offense does not matter because you're looking at the underlying offense. So that distinction is irrelevant.  Thank you, Your Honor. Your Honors, I'd first like to point to Coronado-Durazzo, and this is at 123 F. 3rd, 1325. The court says, we find the statute's structure clear. And later on the same page, the court says, the plain language – and then they refer to the statute – limits convictions to not include solicitation. So the Coronado-Durazzo court was saying the structure's clear, the plain language is clear. What is your response to counsel's argument that it makes a difference when you're looking at a crime involving moral turpitude as distinct from a crime relating to a controlled substance? Your Honors, that's not what Labelecia says. Labelecia describes the holding of Coronado-Durazzo in much broader terms. Specifically, and this is at 187 F. 3rd, 1150, quote, In Coronado-Durazzo, we held that where a statute listed some generic offenses but omitted others, the statute covered only the generic offenses expressly listed. That concept has been repeated by the Ninth Circuit, including the Ninth Circuit sitting on Bank, and also including by the Ninth Circuit in Barragan-Lopez. That's a concept, and that's reasoning that applies. So while Coronado-Durazzo and Labelecia were not decided in the crime involving moral turpitude context, they were decided in the context of a similar structure. There was a question about whether canons of statutory construction or how canons of statutory construction apply. And I think that it's not just two canons of statutory construction that matter here, but three. The first is expressio uneus, which we've discussed in the briefs at length. The second is that courts must, if possible, give effect to every clause and word of a statute. And then the third, for which we cited Garcia v. U.S., a U.S. Supreme Court case from 1947, is that words separated by the disjunctive, by the word or, should be given separate meaning. And here the statute says crimes involving moral turpitude or an attempt or conspiracy to commit such a crime. But, counsel, just so we're clear, the impact of what you're asking us to do, if Arizona had a law that said scheming to murder someone, under your view that would not be covered, correct? Your Honor, if scheming is an inchoate crime, then yes, it would not be covered. How about planning to murder? Would that be included? I don't know. No, correct? I don't know, Your Honor. Well, it wouldn't be because it's not murdering someone and it's not an attempt and it's not a conspiracy. Your Honor, there are three, or actually in Arizona, I believe, four major inchoate crimes. The ones that you're referring to, I don't believe, are among them. And certainly they're not the generic statutes that have been around for a very long time in Arizona. And so hiring someone to murder, would that be because maybe that would be an attempt? It might be an attempt. It might be conspiracy. I'm not sure. But it might not be. It would depend on what was charged and what was proven in court and what met the elements of the crimes. And so, again, your test would not be, so it's moral turpitude but with a carve-out. It's moral turpitude with a qualifier. So the statute says what the statute says. So it's crimes involving, obviously, it's crimes involving moral turpitude or attempt or conspiracy to commit such crimes. And that's exactly what this Court in Coronado-Durazzo and La Bolasilla described, this structure is exactly what the Court described. But in our Barragán-López case, we said solicitation to deal with drugs was a crime of moral turpitude. To be very specific, Your Honor, what the Court said is that we hold that a conviction for solicitation to possess at least four pounds of marijuana for sale constitutes a crime involving moral turpitude for purposes of 8 U.S.C. 1227A2AI. That language is added for a reason. Well, that was the issue in the case. That's right, Your Honor. And that's, in fact, opposing counsel also pointed to the second reason for why the Barragán-López Court distinguished Coronado-Durazzo and La Bolasilla. The first being that the statute doesn't list someone co-ed crimes and omit others, as the one in this case does. And the second reason being about whether there was a difference related to Arizona's solicitation statute and an aggravated felony or a crime involving controlled substances. What the Court said in Barragán-López is in neither case, in neither Coronado-Durazzo or La Bolasilla, were we asked to determine whether solicitation to possess more than four pounds of marijuana for sale is a crime involving moral turpitude, again, under 8 U.S.C. and then the rest of the statute. In the opinion at 903 to 904, it says, drug trafficking offenses, including possession for unlawful substances for sale, generally involve moral turpitude. Yes, sir. And so when we look at the statute in this case, I'm trying to understand why would we interpret the statute at issue in this case differently than the other moral turpitude in 1227A? And, Your Honor, the answer is because that's the way the statute is written. The statute in Barragán-López did not include this partial list of co-ed crimes, and the statute here does. And therefore, that means that the statutes have to be read differently. Counsel for the government argues that this is an absurd result and some of the questions have gone towards that as well. What possible rational reason would there be for Congress to carve out solicitation? You suggested earlier that it's treated as a lesser crime if it doesn't get to the level of attempt or conspiracy. But it does seem dicey to go down that road. So what is your view of why it is not absurd to take the position that our previous cases took? Your Honor, I can imagine various reasons. Obviously, there's nothing in the legislative history that says it. I think you could say that solicitation is a further step removed from a crime than is attempt or conspiracy. I think Arizona's treatment of solicitation as a lesser offense than either conspiracy or attempt would support that rationale. But I think ultimately this is a policy question, and this Court's precedent makes clear that when the statute is structured as it is, solicitation is not going to be included. And if that's a policy concern, then it may well be. Well, the reason I'm asking is that we don't get into policy. If the statute is clear, we don't get into policy unless, and then it reaches the level of total absurdity, I guess, as in we stop paying attention to the words as written. So that's why I'm asking the question. Your Honor, I think that the fact that Arizona treats solicitation as a lesser offense, and I don't know the habits of other states and whether solicitation is treated differently in other states, certainly in Arizona it's treated as a lesser offense than is attempt or conspiracy. And that in of itself is a distinction. If there are no other questions. I think there are not. Thank you. Thank you. The case just argued is submitted. We appreciate very much the helpful arguments from both of you, and we particularly appreciate your participation in the pro bono program. It's of great assistance to the Court, and we know a lot of work goes into it. So we are grateful for that. So for this morning's session, we will stand adjourned.
judges: Fernandez, Graber, Owens